**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

William Lee Kelly,
Plaintiff,
v.
Financial Industry Regulatory Authority, Inc. (FINRA),
Defendant.

Case No. 2:25-cv-01195-APG-DJA

**DECLARATION OF WILLIAM LEE KELLY**

I, William Lee Kelly, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct based on my personal knowledge:

1. I am the Plaintiff in this action, proceeding pro se, and I am over the age of 18 and competent to make this declaration. I reside at 6126 Leaning Rock Ct., North Las Vegas, NV 89031.

2. I bring this lawsuit against the Financial Industry Regulatory Authority, Inc. (FINRA) for violations of my Fifth Amendment due process rights arising from FINRA's arbitrary imposition of a U3 trading halt on Meta Materials Preferred Shares (MMTLP) on December 9, 2022, which deprived me of access to and the value of my lawfully held securities without notice, hearing, or opportunity to be heard.

3. Prior to the halt, I owned 22,919 shares of MMTLP (Exhibit BA & N), a preferred security linked to Meta Materials Inc. (MMAT), which I purchased as a retail investor in good faith. These shares were scheduled for cancellation in connection with the spin-out of Next Bridge Hydrocarbons, Inc., with a one-to-one distribution of private shares. I relied on public announcements and corporate action notices for the expected trading and settlement process.

4. On December 6 and 8, 2022, FINRA issued conflicting corporate action notices regarding MMTLP, causing market confusion and a significant price drop of approximately 70% between December 7 and 8, 2022. This confusion, which I believe FINRA created through unilateral revisions without issuer approval, led to the U3 halt on December 9, 2022, freezing all trading and access to my shares without any prior notice or procedural protections.

5. As a direct result of the halt, I suffered substantial financial harm: the value of my 22,919 MMTLP shares plummeted, and my funds were frozen, preventing me from selling, transferring, or realizing any value from my investment. I estimate my losses

    at hundreds of thousands of dollars, based on the pre-halt market value and the subsequent inability to trade. This deprivation occurred without any opportunity for me to challenge FINRA's decision or present evidence, violating my due process rights.

6. I have exhausted all available administrative remedies to seek redress. I filed complaints with the U.S. Securities and Exchange Commission (SEC) on December 12, 2022; the SEC Office of Inspector General on May 6, 2025; the SEC Office of the Ombudsman on February 18, 2025; the FBI Internet Crime Complaint Center on February 14, 2025; the Nevada Secretary of State on January 28, 2025; and the Nevada Attorney General on June 14, 2024. I also contacted members of Congress, including Congressman Steven Horsford (responses dated June 6 and 12, 2024) and Senator Catherine Cortez Masto (response dated May 15, 2025). None of these efforts have resulted in resolution, investigation disclosure, or recovery of my losses.

7. The requested discovery in my Motion for Preliminary Injunction—such as bluesheet data for December 6–9, 2022; communications between FINRA and Meta Materials; internal FINRA decision documents; SEC communications related to the Sam Draddy "Fraud Radar" email; FINRA-DTCC communications; and records of short positions or fails-to-deliver—is essential to substantiate my claims. Without these materials, which are in FINRA's exclusive possession, I cannot fully prove FINRA's ultra vires actions, such as violating Rule 6490 by unilaterally revising the corporate action, failing to address settlement deficiencies or potential fraud, and imposing the halt despite less harmful alternatives like Position Close Only (PCO) trading.

8. I believe this evidence will show that FINRA's actions were arbitrary, lacked a rational basis, and caused irreparable harm not only to me but to approximately 65,000 other MMTLP shareholders who suffered similar losses from the price drop and fund freeze.

9. I have attached or referenced relevant exhibits in my motion, including trading data, corporate action notices, FINRA FAQs, congressional letters, and declarations from George Palikaras and Greg McCabe, which support the facts stated herein.

10. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 18th day of July, 2025, in North Las Vegas, Nevada.

/s/ *William Lee Kelly*

William Lee Kelly
Plaintiff, Pro Se
6126 Leaning Rock Ct.
North Las Vegas, NV 89031
Email: William.Lee.Kelly@gmail.com
Phone: (702) 427-2763