**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

William Lee Kelly,

Plaintiff,

v.

Financial Industry Regulatory Authority, Inc. (FINRA),

Defendant.

Case No. 2:25-cv-01195-APG-DJA

**MOTION FOR JUDICIAL NOTICE**

Plaintiff, William Lee Kelly, proceeding pro se, respectfully moves this Court under Federal Rule of Evidence 201 to take judicial notice of the following facts, which are not subject to reasonable dispute as they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. These facts are foundational to Plaintiff's claims and are drawn from public records, including FINRA's official website and publicly filed court documents. Judicial notice will aid the Court in resolving Defendant's anticipated motion to dismiss by establishing an undisputed timeline and context for FINRA's actions. This motion corrects the prior filing, stricken per LR IA 7-1(b), by styling it as a motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. LEGAL STANDARD**

Federal Rule of Evidence 201 allows the Court to take judicial notice of facts that are not subject to reasonable dispute because they are generally known or can be accurately and

readily determined from sources whose accuracy cannot reasonably be questioned. Judicial notice is appropriate for public records, official government documents, and court filings. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (judicial notice of court records and public documents); Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010) (government websites and official publications).

## II. FACTS FOR JUDICIAL NOTICE

1. **Corporate Actions on December 6th and 8th, 2022**: The Court is requested to take judicial notice of the existence, dates, and content of FINRA's corporate action notices for MMTLP on December 6, 2022 (including a Pay Date), and the revised notice on December 8, 2022 (omitting the Pay Date and stating purchases after December 8, 2022, would not receive the distribution), as referenced in FINRA's FAQs and Daily List announcements (Exhibit B & C in the First Amended Complaint). Notice is requested only for the notices' existence, dates, and basic content, not the truth of any implications, as they establish FINRA's role in drafting/revising without apparent company guidance, central to Plaintiff's claims.
   **Source:** *https://www.finra.org/investors/insights/FAQ-MMTLP-corporate-action-and-trading-halt* (March 16, 2023 FAQ referencing the notices); *https://otce.finra.org/otce/dailyList* (Official Website for the December 6, 2022 & December 8, 2022 Corporate Actions) and https://metamaterial.com/meta-materials-announces-finra-has-revised-corporate-action-for-exchange-of-series-a-preferred/ (Meta's December 8, 2022, announcement confirming the revision).

2. **U3 Halt Timeline**: The Court is requested to take judicial notice that FINRA issued a U3 trading halt on MMTLP on December 9, 2022, as stated in FINRA's official UPC Advisory (Exhibit E in the First Amended Complaint). This fact is verifiable from FINRA's public website and establishes the date of the halt central to Plaintiff's due process claim.
**Source**: *https://www.finra.org/sites/default/files/2022-12/UPC-35-2022-MMTLP%28Halt%29_2.pdf?utm_source=chatgpt.com*

3. **FINRA Rule 6490**: The Court is requested to take judicial notice of the text of FINRA Rule 6490, which governs the processing of company-related actions such as spin-offs, including requirements for accuracy, timeliness, and verification of issuer documentation under subsection (d)(3). This notice supports Plaintiff's allegation of procedural failures without resolving disputes over compliance.
**Source**: *https://www.finra.org/rules-guidance/rulebooks/finra-rules/6490*

4. **Legal Declaration from George Palikaras**: The Court is requested to take judicial notice of the existence and filing date of the declarations of George Palikaras (Former CEO of Meta Materials Inc.), filed in the case Inter-Coastal v. TradeStation (S.D. Fla., Case No. 0:2024-cv-60891-AHS), on or about August 15, 2024. Notice is requested only for the declarations' existence and date, not the truth of their contents, as they provide a public record of the corporate action revisions on December 8, 2022, relevant to Plaintiff's timeline.

**Source**: *https://www.dropbox.com/scl/fi/tbp2nwed5ldbopmjfclwb/Inter-Coastal-v.-TradeStation-Decl.-ISO-Georgios-Pallikaras-Signed_GP.pdf?rlkey=2wgw6dvot12b0km16szm4zrpn&e=1&st=z6nvgdol&dl=0*

5. **MMTLP FTD Threshold Removal and Short Estimate**: The Court is requested to take judicial notice that FINRA admitted in its March 16, 2023, FAQ (supplemented November 5, 2023) that MMTLP was erroneously placed on the Threshold Securities List due to a "systems coding issue" from October 22, 2021–January 4, 2022, and October 17–December 13, 2022, and was subsequently removed (Exhibit K), and FINRA's specific estimate of aggregate short interest at approximately 2.65 million shares (Exhibit L) as of December 12, 2022 (Post-Halt). Notice is requested for the fact of the admission and specific content, as it is an official FINRA statement supporting Plaintiff's claims of operational errors.
**Source**: *https://www.finra.org/investors/insights/supplemental-faq-mmtlp-corporate-action-and-trading-halt*

6. **FINRA Letter to Next Bridge Hydrocarbons**: The Court is requested to take judicial notice of the existence, date, and content of FINRA's letter to Next Bridge Hydrocarbons dated May 19, 2023 (Exhibit AP in the First Amended Complaint), discussing FINRA's role in the MMTLP corporate action processing and decision not to facilitate trading in Next Bridge shares, including references to Rule 6490 and settlement risks. Notice is requested only for the letter's existence, date, and basic

content, not the truth of any implications, as it provides an official record of FINRA's handling relevant to Plaintiff's claims of procedural failures and ultra vires actions.
**Source**: *https://www.finra.org/sites/default/files/2023-07/nbh-finra-letter-5-19-23.pdf*

7. **Letter from FINRA CEO Robert Cook to Congressman Ralph Norman**: The Court is requested to take judicial notice of the existence, date, and content of the letter from FINRA CEO Robert W. Cook to Congressman Ralph Norman, dated January 31, 2024 (Exhibit I to the First Amended Complaint), discussing the events surrounding MMTLP, including the reasons for the U3 halt, such as settlement risks and the corporate action process. Notice is requested only for the letter's existence, date, and basic content, not the truth of any implications, as it provides an official FINRA response relevant to Plaintiff's claims of procedural failures and the halt's justification.
**Source**: *https://norman.house.gov/uploadedfiles/2024-01-31-finra-response-to-rep-norman-regarding-mmtlp.pdf*

8. **Announcement of Next Bridge Distribution and Pay Date by Meta Materials**: The Court is requested to take judicial notice of the existence, date, and content of Meta Materials Inc.'s press release announcing the Next Bridge Hydrocarbons spin-off and December 14, 2022, pay date (Exhibit A to the First Amended Complaint), dated November 23, 2022. The release states that holders of Series A Preferred Stock (MMTLP) as of 4 p.m. ET on December 12, 2022 (record date), will receive one share

of Next Bridge common stock per MMTLP share in book-entry form on December 14, 2022, after market close. Notice is requested only for the press release's existence, date, and basic content, not the truth of any implications, as it establishes the issuer's official guidance relevant to Plaintiff's claims of FINRA's arbitrary notice revisions and procedural failures.

**Source**: *https://metamaterial.com/meta-materials-inc-board-of-directors-approves-planned-completion-of-the-spin-off-of-next-bridge-hydrocarbons-inc/?utm_source=chatgpt.com*

Plaintiff asserts that these facts are appropriate for judicial notice because they are drawn from public, reliable sources and will assist the Court in evaluating the plausibility of the claims without resolving disputed issues. Defendant has the opportunity to be heard on this request pursuant to FRE 201(e).

### III.  CONCLUSION

Plaintiff respectfully requests that the Court grant this Motion for Judicial Notice. A Proposed Order is attached.

Dated: July 21, 2025

/s/ *William Lee Kelly*

William Lee Kelly
Pro Se Plaintiff
6126 Leaning Rock Ct.
North Las Vegas, NV 89031
Phone: 702-427-2763
Email: William.Lee.Kelly@gmail.com