**EPG LAW GROUP**
Elias George, NV Bar No. 12379
elias@epglawgroup.com
5940 South Rainbow Blvd.
Las Vegas, NV 89118
Phone: 702-358-0933

*Attorneys for Defendant FINRA*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM LEE KELLY, an individual,<br><br>                              Plaintiff,<br><br>      vs.<br><br>FINANCIAL INDUSTRY REGULATORY<br>AUTHORITY (FINRA),<br><br>                              Defendant. | CASE NO.:  2:25-cv-01195-APG-DJA<br><br>**FINANCIAL INDUSTRY REGULATORY<br>AUTHORITY, INC'S PARTIAL<br>OPPOSITION TO PLAINTIFF WILLIAM<br>LEE KELLY'S MOTION FOR JUDICIAL<br>NOTICE** |

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA"), a private self-regulatory organization ("SRO") registered with the Securities and Exchange Commission ("SEC") pursuant to 15 U.S.C. § 78o-3, submits this Partial Opposition to *pro se* Plaintiff William Lee Kelly ("Kelly")'s Motion for Judicial Notice (the "RJN Motion") [ECF No. 17].

## I.    INTRODUCTION

Kelly's Motion asks the Court to take judicial notice of certain "facts" found in eight (8) documents (the "Documents") that Kelly claims "are not subject to reasonable dispute as they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." ECF No. 17 at 1. FINRA does not dispute the authenticity of most of the Documents that are the subject of the RJN Motion. However, the Court cannot and should not take judicial notice of Kelly's conclusory arguments and characterization regarding the Documents, and the Court should also reject the RJN Motion with regard to one Document.

/ / /

/ / /

/ / /

1    Under the circumstances, FINRA respectfully requests that the Court issue an order taking

2    judicial notice of the Documents 1, 2, 3, 5, 6, 7, and 8; decline to take judicial notice of Kelly's

3    conclusory assertions and characterizations; and reject Kelly's Proposed Order [ECF No. 17-1].[1]

4    **II.    STATEMENT OF FACTS**

5    Kelly commenced this action with a July 2, 2025 Complaint [ECF No. 1] and a July 9,

6    2025 First Amended Complaint [ECF No. 7] (the "FAC") with FINRA as the sole defendant. The

7    FAC purports to bring three causes of action against FINRA: Count I: Abuse of Regulatory

8    Authority Resulting in Due Process Violations; Count II: Negligent Failure to Adhere to Mandated

9    Regulatory Procedures Committed by FINRA; and Count III: Deprivation of Property Without

10   Due Process of Law (Fifth Amendment Violation). *See generally* FAC, ECF No. 7. FINRA waived

11   service of process of the FAC, as a result of which its response is due September 12, 2025. *See*

12   ECF No.12.

13   Kelly's claims arise out FINRA's regulatory activities related to MMTLP, an equity

14   security that traded on the over-the-counter ("OTC") market, including the issuance of a trading

15   halt pursuant to FINRA's rules (rules issued pursuant to the Securities Exchange Act of 1934

16   ("Exchange Act")). FINRA performs oversight functions and regulates its members that trade and

17   quote securities in the national securities markets to ensure compliance with FINRA rules, the

18   federal securities laws, and the rules and regulations thereunder. 15 U.S.C. § 78o-3(b). FINRA

19   will be responding to the FAC with a motion to dismiss, as all of Kelly's claims are subject to

20   dismissal based on straightforward legal arguments and long-standing legal precedent. FINRA's

21   motion to dismiss will be based on, among other potential defenses: (i) the lack of personal

22   jurisdiction over FINRA in this case; (ii) FINRA's absolute immunity from suit; (iii) Kelly's lack

23   of a private right of action against FINRA; and (iv) Kelly's inability to assert constitutional claims

24   against FINRA.

25   / / /

26

27   _____

[1] FINRA also notes that while it may not contest the authenticity of most of the Documents, FINRA
28   does not waive any rights or legal defenses that FINRA may assert in its forthcoming motion to
dismiss.

On July 18, 2025, Kelly filed a Motion for a Preliminary Injunction [ECF No. 16], seeking premature, irrelevant, and inappropriate expedited discovery, long before FINRA's response to the FAC is due, and FINRA opposed it [ECF No. 20]. Kelly then filed this RJN Motion on July 21, 2025, asking the Court to take "judicial notice of the facts and documents listed [in the Motion] under FRE 201." ECF No. 17.

## III.    ARGUMENT

### A.    Federal Rule of Evidence 201 and Standard for Judicial Notice

Federal Rule of Evidence 201 governs judicial notice of "adjudicative facts." *See* FED. R. EVID. 201(a) advisory committee note (describing "adjudicative facts" as "the facts that normally go to the jury . . . relat[ing] to the parties, their activities, their properties, their businesses."). Under Rule 201, "[a] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* 201(b). However, courts are hesitant to take judicial notice of adjudicative facts because Rule 201 disregards "traditional methods of proof" and encroaches on the role of the factfinder in a case. *See Tate v. Univ. Med. Ctr. of S. Nev.*, No. 2:09-cv-01748-JAD-NJK, 2016 U.S. Dist. LEXIS 166603, at *18 (D. Nev. Dec. 2, 2016). ("Judicial notice of adjudicative facts must be approached cautiously because it dispenses 'with traditional methods of proof' and removes the fact noticed from the province of the jury.") (citations omitted).

As a result, courts will only take judicial notice "when a threshold showing has been made…." *Id.* The requesting party must explain "what adjudicative fact should be gleaned from the document [and] that the fact is not subject to reasonable dispute." *Id.* at *25. Further, courts will reject conclusory allegations of relevance. *Id.* (denying request for judicial notice of facts where "their relevancy is not apparent for any purpose other than 'to supply, without formal introduction of evidence, facts essential to support' [the requesting party's] defenses.…"); *see also Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (finding that judicial notice was inappropriate where facts to be noticed were irrelevant to issues before the court); *Barton v. P&G*, 766 F. Supp. 3d 1045, 1057 (S.D. Cal. 2025) (same).

1   Courts will likewise not take judicial notice of adjudicative facts that may be "subject to
2   reasonable dispute." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); *see also LA*
3   *Alliance for Human Rights v. Cnty of Los Angeles*, 14 F.4th 947, 957 (9th Cir. 2021) (noting that
4   a district court "may not '[take] judicial notice of the truth of disputed factual matters.'") (citations
5   omitted); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("[A] court
6   cannot take judicial notice of disputed facts contained in . . . public records."); *United States v.*
7   *Ritchie*, 342 F.3d 903, 909 (2003) ("Facts are indisputable, and thus subject to judicial notice, only
8   if they are either 'generally known' . . . or 'capable of accurate and ready determination by resort
9   to sources whose accuracy cannot be reasonably questioned.").

10   And of course, a party's disputed characterizations of adjudicative facts are never the
11   proper subject of judicial notice. *See, e.g., Ellis v. Salt River Project Agric. Improvement & Power*
12   *Dist.*, 432 F. Supp. 3d 1070, 1080 (D. Ariz. 2020) (refusing to take judicial notice of defendant's
13   characterization of documents because they were reasonably disputed by plaintiff), *aff'd in part*
14   *and reversed in part on other grounds by* 24 F.4th 1262 (9th Cir. 2022); *Am. Preparatory Schs. v.*
15   *Nev. Charter Academies*, 2020 U.S. Dist. LEXIS 202186, at *14-15 (D. Nev. Oct. 28, 2020)
16   (declining to take judicial notice of, among other things, defendant's characterization of meeting
17   minutes because such facts were disputed); *Kesey, LLC v. Francis*, 2009 U.S. Dist. LEXIS 28078,
18   at *44 (D. Or. Apr. 3, 2009) (refusing to take judicial notice of "characterizations made by
19   [plaintiffs]" because the truth of said characterizations was disputed).

20   **B.    The Motion for Judicial Notice is Overbroad and Seeks Judicial Notice of**
21   **Disputed Facts**

22   The RJN Motion suffers from multiple deficiencies. For the Court's convenience, FINRA
23   identifies each Document, provides the Court with context as necessary, and identifies any dispute
24   with or deficiency in each, as follows:

25   1. ***Document 1: Corporate Action Notices on December 6th and 8th, 2022 [FAC,***
26   ***Exhs. B & C, ECF No. 7 at 18-19]:***  Exhibits B and C are FINRA Corporate
27   Action Notices, which FINRA published online on December 6, 2022, and
28   December 8, 2022, respectively. As part of its duties under the Exchange Act,



4

FINRA announces information provided by companies about corporate actions relating to OTC equity securities. *See* SEC Rule 10b-17, 17 C.F.R. § 240.10b-17; *see also* FINRA Rule 6490.[2] FINRA does not dispute the authenticity of the Corporate Action Notices, and Kelly claims only to seek judicial notice of the "existence, dates, and basic content, not the truth of any implications." ECF No. 17 at 2. Accordingly, FINRA does not object to the Court taking judicial notice of Exhibits B and C. However, in the RJN Motion, Kelly mischaracterizes the content of the Corporate Action Notices (e.g., referencing the inclusion of a "Pay Date" that does not appear in the Documents) and argues that "they establish FINRA's role in drafting/revising [the Corporate Action Notices] without apparent company guidance." *Id*. FINRA disputes Kelly's inaccurate and argumentative statements. The Court should decline to take judicial notice of Kelly's characterization of the Documents.

2. ***U3 Halt Timeline [FAC, Exh. E, ECF No. 7 at 21]:*** Kelly requests judicial notice of the date of the trading halt referenced in an advisory notice that FINRA published online on December 9, 2022. FINRA does not challenge the authenticity of this Document, and it does not object to the Court taking judicial notice of the advisory notice. However, FINRA does dispute Kelly's characterization that the Document is "central to Plaintiff's due process claim" [ECF No. 17 at 3] because Kelly is unable to state a due process claim. Kelly's assertion is not an appropriate subject for judicial notice, and the Court should decline to take judicial notice of Kelly's assertion.

3. ***FINRA Rule 6490***: FINRA does not dispute the authenticity of FINRA Rule 6490, or that the Court can take judicial notice of the rule. However, FINRA disputes Kelly's argumentative statement that "[t]his notice supports Plaintiff's allegation of procedural failures without resolving disputes over compliance."

---

[2] FINRA Rule 6490 is publicly available at https://www.finra.org/rules-guidance/rulebooks/finra-rules/6490.

ECF No. 17 at 3. Kelly's statement is not an appropriate subject for judicial notice, and the Court should decline to take judicial notice of Kelly's statement.

4. ***Legal Declaration from George Palikaras*** **(the "Palikaras Declaration")***:*** In the RJN Motion, Kelly supplies a DropBox link to the Palikaras Declaration, which was filed in support of another lawsuit. Kelly claims he is only asking the Court "to take judicial notice of the existence and filing date" of the Palikaras Declaration. ECF No. 17 at 3. However, contrary to his own statements, Kelly asks this Court to take judicial notice of alleged facts included in the Palikaras Declaration concerning purported "corporate action revisions… relevant to Plaintiff's timeline." *Id.* "As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *Baker v. Cal. Dep't of Corr.*, 484 F. App'x 130, 132 (9th Cir. 2012); *see also California v. Pomona Lodge LLC*, 2024 WL 5286200, at *2 (C.D. Cal. Dec. 17, 2024) (refusing to take judicial notice of a declaration because, despite being publicly filed in another case, "the [plaintiff] attempt[ed] to use this document to establish certain events that the declaration attests to, and the [c]ourt may not take judicial notice of the declaration for the truth of the contents therein.") (citing *Pellegrini v. Fresno Cnty.*, 742 F. App'x 209, 211 (9th Cir. 2018)); *see also Perez v. DNC Parks & Resorts at Sequoia*, No. 1:19-cv-00484-DAD-SAB, 2020 U.S. Dist. LEXIS 134590, at *5 (E.D. Cal. July 29, 2020) (denying request for judicial notice of the contents of a declaration of one of the parties because a declaration "is not a matter of public record free from reasonable dispute or otherwise properly subject to judicial notice"). Further, Kelly's conclusory assertion of relevance is insufficient to support a request for judicial notice. *See* ECF No. 17 at 3 (Kelly claims the document contains "a public record of the corporate action revisions on December 8, 2022, relevant to



Plaintiff's timeline"). For these reasons, the Court should decline to take judicial notice of the Palikaras Declaration.

5. ***MMTLP FTD Threshold Removal and Short Estimate***: Kelly provides a link to a Supplemental FAQ, which FINRA published online on November 6, 2023, and requests judicial notice with regard only to certain excerpts of the Document, which are attached as Exhibits K and L to the FAC. ECF No. 17 at 5. FINRA does not contest the authenticity of the Supplemental FAQ document or object to the Court taking judicial notice of the entire Supplemental FAQ as the document satisfies the requirements for taking judicial notice. Kelly, however, also asks the Court to take judicial notice of the Document "for the fact of the admission [by FINRA] and specific content, as it is an official FINRA statement supporting Plaintiff's claims of operational errors." ECF No. 17 at 4. Kelly's conclusory interpretation of the Document is not appropriate for a request for judicial notice. *See Anto Supriyanto v. Bank of N.Y. Mellon*, No. LA CV21-07635 JAK (Ex), 2022 U.S. Dist. LEXIS 100691, at *7 (C.D. Cal. Apr. 4, 2022) (noting that even a party's own responses to requests for admissions in a prior unrelated lawsuit "cannot be judicially noticed for the truth of the matter asserted because they are subject to reasonable dispute); *Tate,* 2016 U.S. Dist. LEXIS 166603, at *18 (D. Nev. Dec. 2, 2016) ("Judicial notice of adjudicative facts must be approached cautiously because it dispenses 'with traditional methods of proof' and removes the fact noticed from the province of the jury") (citations omitted). Whether the statements contained in the Supplement FAQ constitute an admission, and the conclusions Kelly asserts should be drawn from them, are disputed factual issues and taking judicial notice of those facts would encroach on the role of the ultimate factfinder. Kelly's inaccurate and argumentative statements are not an appropriate subject for judicial notice, and the Court should decline to take judicial notice of Kelly's statements.

/ / /

6. ***FINRA Letter to Next Bridge Hydrocarbons [FAC, Exh. AP, ECF No. 7 at 58]:***
In the RJN Motion, Kelly includes a hyperlink to the entire letter that FINRA sent
to Next Bridge Hydrocarbons on May 19, 2023, and that FINRA published a copy
of on its website. In the FAC, Kelly included only a portion of the letter as Exhibit
AP. Kelly asks the Court to take judicial notice of the letter's "existence, date, and
content." ECF No. 17 at 4. FINRA does not dispute the authenticity of the entire
letter, and does not object to the Court taking judicial notice of the entire letter.
However, Kelly again makes inconsistent statements in the RJN Motion –
claiming he only seeks judicial notice as "the letter's existence, date, and basic
content, not the truth of any implications," but he also concludes the Document
"provides an official record of FINRA's handling relevant to Plaintiff's claims of
procedural failures and ultra vires actions." ECF No. 17 at 4-5. As with the other
Documents, Kelly's inaccurate and argumentative statements are not an
appropriate subject for judicial notice, and the Court should decline to take
judicial notice of the Kelly's characterization of the Document.

7. ***Letter from FINRA CEO Robert Cook to Congressman Ralph Norman [FAC,
Exh. I, ECF No. 7 at 25]:*** Exhibit I to the FAC is a portion of the letter Kelly
hyperlinks in the RJN Motion. ECF No. 17 at 5. FINRA does not dispute the
authenticity of the entire letter, and it does not object to the Court taking judicial
notice of the entire letter. However, while Kelly claims he only seeks judicial
notice as to "the letter's existence, date, and basic content, not the truth of any
implications," Kelly also concludes the Document "provides an official FINRA
response relevant to Plaintiff's claims of procedural failures and the halt's
justification." ECF No. 17 at 6. As with the other Documents, Kelly's inaccurate
and argumentative statements about the Document are not an appropriate subject
for judicial notice, and the Court should decline to take judicial notice of Kelly's
characterization of the Document.

/ / /

8. ***Announcement of Next Bridge Distribution and Pay Date by Meta Materials [FAC, Exh. A, ECF No. 7 at 17]* (the "MMAT Announcement"):** Exhibit A to the FAC is a portion of the MMAT Announcement, which Kelly hyperlinks to in the RJN Motion. ECF No. 17 at 5. FINRA does not challenge the authenticity of the MMAT Announcement, and it does not object to the Court taking judicial notice of the entire Document. However, as with other Documents, Kelly inconsistently claims he only seeks judicial notice as to the document's "existence, date, and basic content," but concludes the Document "establishes the issuer's official guidance relevant to Plaintiff's claims of FINRA's arbitrary notice revisions and procedural failures." ECF No. 17 at 6. Kelly's inaccurate and argumentative statements about the Document are not an appropriate subject for judicial notice, and the Court should decline to take judicial notice of Kelly's characterization of the Document.

## IV.    CONCLUSION

For the foregoing reasons, FINRA respectfully requests that the Court deny Kelly's RJN Motion to the extent it requests judicial notice of Kelly's characterizations of purported facts and documents. FINRA further requests that the Court deny Kelly's RJN Motion with regard to Document 4 (the Palikaras Declaration). As to the remaining Documents, FINRA has no objection to the Court taking judicial notice of the full versions of Documents 1, 2, 3, 5, 6, 7, or 8.

DATED: August 4, 2025

**EPG Law Group**

Elias George, NV Bar No. 12379
elias@epglawgroup.com
5940 South Rainbow Blvd.
Las Vegas, NV 89118
Phone: 702-358-0933
*Attorneys for Defendant FINRA*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4, 2025, I served a true and correct copy of the foregoing **FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC'S PARTIAL OPPOSITION TO PLAINTIFF WILLIAM LEE KELLY'S MOTION FOR JUDICIAL NOTICE** through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by United States Mail at Las Vegas, Nevada, postage fully prepaid) upon the following:

William Lee Kelly
6126 Leaning Rock Ct.
North Las Vegas, NV 89031
William.Lee.Kelly@gmail.com
Phone: (702) 427-2763
*Plaintiff, Pro Se*

_____

Kimberly Rupe, EPG Law Group

