**EPG LAW GROUP**
Elias George, NV Bar No. 12379
elias@epglawgroup.com
5940 South Rainbow Blvd.
Las Vegas, NV 89118
Phone: 702-358-0933
*Attorneys for Defendant FINRA*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM LEE KELLY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY (FINRA),<br><br>Defendant. | CASE NO.: 2:25-cv-01195-APG-DJA<br><br>**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY** |

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA"), by and through its undersigned counsel, moves this Court for a protective order staying discovery and related deadlines ("Motion for Protective Order") until this Court rules on FINRA's concurrently filed Motion to Dismiss. ECF No. 24.

This Motion for Protective Order is based on the following memorandum of points and authorities; the declaration of Elias George (the "George Decl.") included herein in compliance with LR 26-6 and IA 1-3(f); and the papers and pleadings already on file with the court.

DATED: August 29, 2025

                                                **EPG LAW GROUP**

                                                */s/ Elias P. George*

                                                Elias George, NV Bar No. 12379
                                                elias@epglawgroup.com
                                                5940 South Rainbow Blvd.
                                                Las Vegas, NV 89118
                                                Phone: 702-358-0933
                                                *Attorneys for Defendant FINRA*

///

///

## DECLARATION OF ELIAS GEORGE IN SUPPORT OF THE
## MOTION FOR PROCTIVE ORDER

I, Elias George, declare as follows:

1. I am an attorney with EPG Law Group, counsel for FINRA, and have personal knowledge of all statements made below.

2. On Wednesday, August 27, 2025, I sent an email to plaintiff William Lee Kelly ("Kely") to initiate a meet and confer regarding FINRA's intention to file a motion to stay discovery in this case pending the court's ruling on its Motion to Dismiss. ECF No. 24.

3. Later that same day, we conducted the meet and confer via telephone conference. During this discussion, we were unable to reach an agreement on staying discovery.

4. Despite our sincere efforts to resolve or narrow the dispute during the meet-and-confer conference, Kelly and I were unable to resolve or narrow the dispute without court intervention.

5. This declaration is submitted in compliance with LR 26-6 and IA 1-3(f) and in support of the instant Motion for Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 29th day of August 2025.

_____
ELIAS P. GEORGE

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

As outlined in FINRA's Motion to Dismiss, the claims asserted in the First Amended Complaint ("FAC") by Plaintiff William Lee Kelly ("Kelly") are precluded by absolute regulatory immunity. Self-regulatory organizations ("SROs") like FINRA are afforded immunity for their regulatory activities, and that immunity "provides protection not only from liability, but also from the burdens of litigation, including discovery, and should be 'resolved at the earliest stage in

2

litigation.'" *In re Facebook, Inc. IPO and Secs. and Derivative Litig.*, 986 F. Supp. 2d 428, 448 (S.D.N.Y. 2013) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Here, the FAC incorrectly asserts that there is an exception to regulatory immunity. However, the regulatory immunity afforded to an SRO is absolute. Thus, because every claim Kelly asserts is related to FINRA's regulatory activities, all discovery should be stayed until the Court resolves FINRA's Motion to Dismiss.

Additionally, there is good cause to preclude discovery pursuant to Federal Rule of Civil Procedure 26 until the Court resolves FINRA's Motion to Dismiss. Specifically, FINRA's Motion to Dismiss asserts a well-founded immunity defense that raises legal questions for which discovery is unnecessary to resolve. Judicial economy therefore supports a stay because if the FAC is dismissed, any need for discovery will become moot. As a result, there is good cause for this Court to exercise its discretion and stay discovery.

For the reasons discussed in FINRA's Motion to Dismiss and in this Motion for Protective Order, the Court should stay discovery pending a decision on FINRA's concurrently filed Motion to Dismiss.

## II.  RELEVANT BACKGROUND

Kelly initiated this action by filing a complaint against FINRA on July 2, 2025, ECF No. 1, which was superseded by the FAC he filed on July 9, 2025, ECF No. 7.

On July 18, 2025, Kelly filed a motion for preliminary injunction and to obtain expedited discovery because, absent such discovery, he faced irreparable harm "through the likely dismissal of the case on ground of FINRA's regulatory immunity" ("PI Motion"). ECF No. 16, ¶ 24; *see also id.* ¶¶ 18, 20, 24, 26. FINRA opposed the PI Motion ("FINRA's Opposition") because: (1) in reality, the PI Motion is a procedurally deficient motion for expedited discovery, (2) Kelly does not establish the required elements for a preliminary injunction, and (3) there is no good cause basis to impose burdensome expedited discovery on FINRA under Federal Rule of Civil Procedure 26 ("Rule 26"). ECF No. 20. Kelly filed his reply in support of his PI Motion [ECF 22], and the PI Motion is fully briefed.

FINRA now files a Motion to Dismiss and this Motion for a Protective Order.

## III.  ARGUMENT

In its Motion to Dismiss, FINRA asserts multiple substantial and independent bases supporting the dismissal of the FAC. Among them is that FINRA's regulatory immunity as an SRO entirely precludes Kelly's claims. This threshold argument was also advanced in FINRA's Opposition. FINRA's Opposition to P.I., pp. 10-15. FINRA's immunity defense is dispositive, and discovery is unnecessary to evaluate this legal defense. Ninth Circuit precedent recognizes immunity as a dispositive defense, and such defenses generally support staying discovery until after the Court rules on a defendant's motion to dismiss. Additionally, good cause for a stay exists under Rule 26. Accordingly, the Court should grant FINRA's Motion for a Protective Order.

### A.   A Stay of Discovery is Appropriate Until the Question of FINRA's Regulatory Immunity is Resolved

#### 1.   FINRA's Regulatory Immunity Shields it From the Burdens of Discovery

"The [U.S.] Supreme Court has squarely held that until the threshold of immunity is resolved, discovery should not proceed." *Pilger v. Mosley*, No. 2:18-cv-00854-JAD-PAL, 2018 U.S. Dist. LEXIS 181403, *4 (D. Nev. Oct. 23, 2018) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)); *Zabeti v. Arkin*, No. 2:14-cv-00018-GMN-PAL, 2014 U.S. Dist. LEXIS 60035, *7 (D. Nev. Apr. 28, 2014) (containing same quote verbatim). The U.S. Supreme Court has also "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (citations omitted); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (Immunity provides protection "not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery") (cleaned up).

The protection afforded by the regulatory immunity afforded to SROs extends to all burdens of litigation, including discovery. *In re Facebook,* 986 F. Supp. 2d at 448 ("SRO immunity provides protection not only from liability, but also from the burdens of litigation, including discovery, and should be 'resolved at the earliest stage in litigation.'") (quoting *Hunter*, 502 U.S. at 227); *see also Grand Canyon Skywalk Dev. LLC v. Steele*, No. 2:13-cv-00596-JAD-GWF, 2014 U.S. Dist. LEXIS 1550, *11 (D. Nev. Jan. 6, 2014) ("A defendant should not be required to participate in burdensome and costly discovery … in a lawsuit brought in any forum when he is

immune from suit as a matter of law."). Allowing Kelly to proceed with discovery prior to deciding FINRA's regulatory immunity defense would subject FINRA to the very burden regulatory immunity is intended to prevent.

To avoid irreparably abrogating FINRA's immunity, this Court should stay discovery until ruling on FINRA's Motion to Dismiss.

### 2. Regulatory Immunity is Absolute

The immunity afforded to FINRA for conduct that falls within the scope of FINRA's regulatory, adjudicatory, or prosecutorial duties is absolute. *See In re Series 7 Broker Qualification Exam Scoring Litig.,* 548 F.3d 110, 114 (D.C. Cir. 2008). In the FAC, Kelly relies on a fictitious and unsupported "ultra vires" exception to argue FINRA is not entitled to immunity in his case. ECF No. 16, ¶¶ 20, 21, 24, 25; *see also* FINRA Opposition to P.I., pp. 13-15. Kelly incorrectly asserts that *Sparta Surgical* establishes that "ultra vires" conduct by FINRA is not protected by immunity. FAC ¶¶ 21, 23. However, there is no mention of "ultra vires" conduct, or any synonym thereof, in *Sparta Surgical*. Further, Kelly's interpretation ignores that, in *Sparta Surgical*, the Ninth Circuit **explicitly** rejected carving out an exception to regulatory immunity:

> The results of any immunity rule may be harsh. If we take Sparta's complaint at face value, which we must, defendants acted in a capricious, even tartuffian manner which caused Sparta enormous damage. Nonetheless, when Congress elected "cooperative regulation" as the primary means of regulating the over-the-counter market, the consequence was that self-regulatory organizations had to enjoy freedom from civil liability when they acted in their regulatory capacity.

*Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1215 (9th Cir. 1998), *abrogated on other grounds, Merrill Lynch, Pierce, Fenner & Smith v. Manning,* 578 U.S. 374 (2016).

Other courts have also declined to make exceptions to absolute regulatory immunity. *See, e.g., In re Series 7,* 548 F.3d at 114 ("When an SRO acts under the aegis of the Exchange Act's delegated authority, it is absolutely immune from suit for the improper performance of regulatory, adjudicatory, or prosecutorial duties delegated by the SEC."); *In re NYSE Specialists Sec. Litig.,* 503 F.3d 89, 101 (2d Cir. 2007) (Sotomayor, J.) ("[C]ourts have applied the absolute immunity doctrine without carving out a fraud exception even in cases alleging fraud in situations that directly implicate constitutionally protected personal liberty interests in the criminal context.");



*DL Cap. Grp., LLC v. Nasdaq Stock Mkt., Inc.,* 409 F.3d 93, 98 (2d Cir. 2005) (rejecting plaintiff's argument "that absolute immunity cannot extend to suits alleging fraud" because "precedent, not to mention common sense, strongly militates against carving out a 'fraud' exception to SRO immunity"); *Dexter v. Depository Trust & Clearing Corp.,* 406 F. Supp. 2d 263, 264 (S.D.N.Y. 2005) ("Accordingly, however badly motivated, inept, or even unlawful [FINRA's] actions may have been, it is absolutely immune from suit….").

### 3. All Claims in the FAC are Precluded by Regulatory Immunity

The absolute immunity afforded to FINRA applies when it acts under the aegis of the Exchange Act's delegated authority regardless of any purported motive. *P'ship Exch. Sec. Co. v. NASD,* 169 F.3d 606, 608 (9th Cir. 1999); *see also Hofman v. Fid. Brokerage Servs., LLC*, No. 2:23-cv-00881-MCS-PVC, 2023 U.S. Dist. LEXIS 81166, *14 (C.D. Cal. May 8, 2023) (FINRA immune from suit for allegations related the MMTLP trading halt). Every circuit that has considered the issue has held that FINRA is absolutely immune "from suit for conduct falling within the scope of [its] regulatory and general oversight functions." *D'Alessio v. NYSE*, 258 F.3d 93, 105 (2d Cir.), *cert. denied*, 534 U.S. 1066 (2001); *see also In re Series 7*, 548 F.3d at 114 ("When an SRO acts under the aegis of the Exchange Act's delegated authority it is absolutely immune from suit for the improper performance of regulatory, adjudicatory, or prosecutorial duties delegated by the SEC."); *Weissman v. NASD, Inc.* 500 F.3d 1293, 1296 (11th Cir. 2007) ("Because they perform a variety of vital governmental functions, but lack the sovereign immunity that government agencies enjoy, SROs are protected by absolute immunity when they perform their statutorily delegated adjudicatory, regulatory, and prosecutorial functions."); *Sparta Surgical*, 159 F.3d at 1214-15.

"To determine whether an SRO is entitled to immunity, courts examine the nature of the complained-of function performed by the SRO and evaluate whether the function is an exercise of quasi-governmental powers rather than the conduct of private business." *Hofman*, 2023 U.S. Dist. LEXIS 81166, at *14 (citing *Sparta Surgical*, 159 F.3d at 1214); *see also Gallagher v. FINRA, Inc.,* No. 21-13605, 2022 U.S. App. LEXIS 15309, *4 (11th Cir. June 3, 2022) (courts must examine the nature and function of the alleged misconduct to determine if immunity applies); *In*

*re NYSE Specialists,* 503 F.3d at 96 (courts look to the nature of the function performed to determine whether immunity applies to an SRO's conduct); *Weissman,* 500 F.3d at 1297 ("To determine whether an SRO's conduct is quasi-governmental, we look to the objective nature and function of the activity for which the SRO seeks to claim immunity.").

Here, Kelly acknowledges that FINRA acted "under delegated authority" as an SRO, FAC ¶¶ 10, 35, and all of the claims he asserts against FINRA arise from its regulatory activities, *see, e.g.,* FAC ¶¶ 8, 9, 13, 15, 16, 17, 18, 19, 20, 22, 23, 24, 27, 28, 29, 32. Specifically, the FAC alleges that FINRA "abus[ed] its regulatory discretion." FAC ¶ 38. In addition, Kelly challenges FINRA's decision to halt trading in MMTLP, FAC ¶¶ 36-38, notwithstanding the fact that requiring its members to halt trading is a "quintessentially regulatory function," and regulatory immunity precludes any claims based on such regulatory activity. *See, e.g., In re Facebook, Inc.*, 986 F. Supp. 2d at 454 ("The capacity to suspend trading . . . is a quintessentially regulatory function."); *see also Sparta Surgical,* 159 F.3d at 1214 ("[T]here are few functions more quintessentially regulatory than suspension of trading."); *Tawil v. FINRA*, No. 4:22-cv-440, 2023 U.S. Dist. LEXIS 117247, *2-3 (N.D. Fla. May 24, 2023) ("Suspending trading—when warranted—is precisely the kind of activity FINRA can undertake in its quasi-regulatory capacity."); *Opulent Fund, L.P. v, Nasdaq Stock Mkt., Inc.*, 2007 U.S. Dist. LEXIS 79260, *13 (N.D. Cal. Oct. 12, 2007) (identifying suspension of trading as regulatory in nature); FINRA Rule 6440 (authorizing FINRA to require its members to halt quoting and trading). Indeed, the Central District of California dismissed a similar investor complaint related to the same trading halt that gives rise to Kelly's claims in the FAC, finding that FINRA's MMTLP trading halt was a "regulatory function cloaked in immunity." *Hofman*, 2023 U.S. Dist. LEXIS 81166, at *7.

    4. <u>FINRA's Regulatory Immunity is a Dispositive Defense That Does Not Require Discovery</u>

In the Ninth Circuit, the decision whether to stay discovery is entrusted to the "wide discretion" of the district court. *E.g.*, *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988). A court may stay discovery when there is a dispositive defense that does not require discovery to resolve. *E.g., Flynn v. Nevada,* 345 F.R.D. 338, 343 (D. Nev. 2024) (citing *Alaska Cargo Transp.,*

*Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993)); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984). "Common situations in which a court may [stay] discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of … immunity." *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Wood v. McEhan*, 644 F.2d 797, 801 (9th Cir. 1981)).

This Court has determined that applicability of immunity is a "purely legal question" that does not require discovery or interrogation of fact to resolve. *Zabeti*, 2014 U.S. Dist. LEXIS 60035, at *7. The applicability of FINRA's regulatory immunity is therefore a dispositive legal question that does not require discovery to resolve. Thus, this Court should stay discovery until it resolves FINRA's Motion to Dismiss.

**B.    Good Cause Exists to Stay Discovery**

This Court reviews motions to stay discovery based on a potentially dispositive motion using a "pragmatic review" framework where only two elements are considered: (1) if the dispositive motion can be decided without further discovery, and (2) good cause exists to stay discovery. *E.g., Basile v. L.A. Film Sch., LLC,* No. 2:24-cv-00108-APG-MDC, 2025 U.S. Dist. LEXIS 134004, *2 (D. Nev. July 15, 2025); *Mwithiga v. Office J Pierce*, No. 2:23-cv-01330-GMN-MDC, 2025 U.S. Dist. LEXIS 58151, *3 (D. Nev. Mar. 28, 2025). As discussed above, the applicability of FINRA's absolute regulatory immunity in this case raises a legal question that does not require discovery to evaluate. *See Zabeti*, 2014 U.S. Dist. LEXIS 60035, at *7.

In addition, good cause to stay discovery "may be found where a movant seeks to stay discovery to prevent undue burden or expense." *Babystacks Café, LLC v. Uber Techs., Inc.,* No 2:24-cv-01098-RFB-MDC, 2025 U.S. Dist. LEXIS 26731, at *5 (D. Nev. Feb. 14, 2025); *see also* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."). Further, this Court consistently finds that good cause exists to stay discovery when pending motions to dismiss assert well-founded jurisdiction and immunity defenses. *E.g., Tradebay*, 278 F.R.D. at 601; *Seeto v. Kendall,* No. 2:25-cv-00038-JAD-EJY, 2025 U.S. Dist. LEXIS 146734, *5 (D. Nev. July 31, 2025) (staying discovery because "discovery is not needed to resolve" an immunity issue); *Shahrokhi v.*

*Boutos*, No. 2:23-cv-00671-CDS-DJA, 2023 U.S. Dist. LEXIS 200604, *5 (D. Nev. Nov. 8, 2023) (staying discovery because plaintiff did not "demonstrate[] that discovery is necessary for the Court to decide the pending motion to dismiss").

This Court should stay discovery because FINRA raised a well-founded immunity defense for which discovery is unnecessary to resolve. Furthermore, if discovery is permitted, then FINRA would be subjected to significant cost and resource burdens, which its absolute regulatory immunity is intended to shield against. Thus, there is good cause to grant this Motion pending the Court's resolution of FINRA's Motion to Dismiss

## IV. CONCLUSION

For the foregoing reasons, FINRA respectfully requests that the Court grant its Motion for Protective Order Staying Discovery.

DATED: August 29, 2025

**EPG LAW GROUP**

_____
Elias George, NV Bar No. 12379
elias@epglawgroup.com
5940 South Rainbow Blvd.
Las Vegas, NV 89118
Phone: 702-358-0933
*Attorneys for Defendant FINRA*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2025, I served a true and correct copy of the foregoing **DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY** through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by United States Mail at Las Vegas, Nevada, postage fully prepaid) upon the following:

William Lee Kelly
6126 Leaning Rock Ct.
North Las Vegas, NV 89031
William.Lee.Kelly@gmail.com
Phone: (702) 427-2763
*Plaintiff, Pro Se*

_____
Kimberly Rupe, EPG Law Group

