

1  William Lee Kelly
2  6126 Leaning Rock Ct.
3  North Las Vegas, NV 89031
4  Phone: (702) 427-2763
5  Email: William.Lee.Kelly@gmail.com
6  Pro Se Plaintiff
7
8  **UNITED STATES DISTRICT COURT**
9  **of Nevada**

10  William Lee Kelly,
11  Plaintiff,
12  v.
13  Financial Industry Regulatory Authority, Inc. (FINRA),
14  Defendant.

15  Case No.  2:25-cv-01195-APG-DJA

16  **PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

17

18  **INTRODUCTION**

19  Plaintiff William Lee Kelly, appearing pro se, submits this Sur-Reply pursuant to leave

20  granted under Local Rule 7-2(e) to address a new argument raised for the first time in

21  Defendant FINRA's Reply in Support of its Motion to Dismiss. Specifically, FINRA argues

22  that the exhibits attached to Plaintiff's Opposition should be disregarded as

23  "unauthenticated." Reply at 2:19-3:4. This argument was not raised in FINRA's original

24  Motion to Dismiss, depriving Plaintiff of an opportunity to respond in the Opposition. This

25  Sur-Reply is narrowly tailored to rebut this new contention.

26

27

**ARGUMENT**

**I. Good Cause Exists for a Limited Sur-Reply**

1. Sur-replies are permitted in this District when a reply brief raises new arguments or evidence. See *Rivera v. RXO Last Mile, Inc.*, No. 2:23-cv-00881-RFB-EJY, 2023 WL 6216769, at 1 (D. Nev. Sept. 25, 2023) (allowing sur-reply where new evidence was introduced in reply). FINRA's Motion to Dismiss did not challenge the authenticity of Plaintiff's exhibits, nor did it request they be disregarded. This argument appeared for the first time in FINRA's Reply.

2. Because this new objection directly impacts whether the Court may consider Plaintiff's exhibits — including publicly available corporate action notices, FINRA advisories, and other documents referenced in the Complaint — Plaintiff should be allowed a brief opportunity to respond.

**II. The Proposed Sur-Reply Is Narrow and Will Aid the Court**

3. The attached Sur-Reply (Exhibit BS) is limited to three pages and does not re-argue jurisdiction, immunity, or any other merits issue. It simply:

   Reminds the Court that Plaintiff previously filed a Motion for Judicial Notice (ECF No. 17) to authenticate these same documents.

   Notes that FINRA did not dispute authenticity at that time and expressly stated it had "no objection" to judicial notice of most of them, and

Offers to provide a declaration to further authenticate the documents if the Court deems it necessary.

Allowing the sur-reply will ensure the record is clear and complete, and that Plaintiff's exhibits are not disregarded based on an argument first raised in reply.

**CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court grant leave to file the attached Sur-Reply (Exhibit BS) to address FINRA's newly raised authentication argument.

Dated: 9/24/2025

Respectfully submitted,

/s/ *William Lee Kelly*

Plaintiff, Pro Se

6126 Leaning Rock Ct.
North Las Vegas, NV 89031
Phone: (702) 427-2763
Email: William.Lee.Kelly@gmail.com
Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on September 24, 2025, I served this Motion for Leave to file SUR Reply and Exhibits BS via email to FINRA's counsel at john.mitchell@faegredrinker.com and elias@epglawgroup.com, pursuant to consent given on July 19, 2025.

/s/ *William Lee Kelly*

Dated: September 24, 2025