X FILED ___ RECEIVED
___ ENTERED ___ SERVED ON

September 24, 2025

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY: JG DEPUTY

William Lee Kelly
6126 Leaning Rock Ct.
North Las Vegas, NV 89031
Phone: (702) 427-2763
Email: William.Lee.Kelly@gmail.com
Pro Se Plaintiff

**UNITED STATES DISTRICT COURT**
**of Nevada**

William Lee Kelly,
Plaintiff,
v.
Financial Industry Regulatory Authority, Inc. (FINRA),
Defendant.

Case No.  2:25-cv-01195-APG-DJA

# PLAINTIFF'S SUR-REPLY TO DEFENDANT FINRA'S REPLY IN SUPPORT OF MOTION TO DISMISS

*(Limited to Addressing Authentication of Plaintiff's Exhibits)*

**Case No.:** 2:25-cv-01195-APG-DJA
**Judge:** Hon. Andrew P. Gordon

---

## INTRODUCTION

Plaintiff respectfully submits this limited Sur-Reply, pursuant to leave granted under Local Rule 7-2(e), to address a new argument raised for the first time in Defendant FINRA's Reply in Support of its Motion to Dismiss (ECF No. 35): that the 37 pages of exhibits attached to Plaintiff's Opposition should be disregarded as "unauthenticated." Reply at 2:19-27. This objection is improper, contrary to FINRA's prior position, and should be rejected.

## ARGUMENT

### I. Plaintiff's Exhibits Were Already the Subject of a Motion for Judicial Notice

Prior to filing his Opposition, Plaintiff filed a Motion for Judicial Notice (ECF No. 17) specifically to authenticate and request judicial notice to many of the same exhibits attached to the Opposition: corporate action notices, U3 Halt Timeline, FTD Threshold Removal, FINRA rule 6490, a FINRA letter to Next Bridge, and an issuer announcement. See ECF No. 17 (specifying documents). In its Partial Opposition to Plaintiff's Motion for Judicial Notice (ECF No. 21), FINRA expressly did not dispute the authenticity of Documents 1, 2, 3, 5, 6, 7, and 8, stating that it "does not object to the Court taking judicial notice of the full versions" of those documents.( ECF No. 21 at 9:19) (FINRA's Partial Opposition to Judicial Notice). FINRA objected only to Plaintiff's characterizations or inferences, not to the documents' authenticity or admissibility as public records. Having conceded authenticity for purposes of judicial notice, FINRA cannot now reverse course and argue that the very same documents are "unauthenticated" and should be disregarded.

### II. Authentication Is Not a Basis for Exclusion at the Pleading Stage

Given FINRA's concession, the exhibits are also proper under Rule 12(b)(6). Under Rule 12(b)(6), courts may consider documents referenced in or central to the complaint if their authenticity is not disputed. *Johnson v. Fed. Home Loan Mortg. Corp., 793 F.3d 1005, 1007 (9th Cir. 2015)*. Here, the exhibits are drawn from publicly available records whose accuracy "cannot reasonably be questioned" under Fed. R. Evid. 201(b). FINRA's Partial Opposition (ECF No. 21) confirms this by not contesting their authenticity. Plaintiff

expressly asked the Court to take notice only of the existence, date, and basic content of these documents, not for the truth of disputed factual inferences—a request that is proper and routinely granted in the Ninth Circuit.

**III. Plaintiff Can Provide a Declaration if Required**

Out of an abundance of caution, Plaintiff is prepared to submit a sworn declaration attesting that each exhibit is a true and correct copy of the publicly available document it purports to be. Plaintiff respectfully requests that the Court either consider the exhibits as part of the record or grant leave to cure any perceived technical deficiency.

**CONCLUSION**

Because FINRA did not dispute the authenticity of Plaintiff's exhibits when Plaintiff moved for judicial notice (ECF No. 17)—and because the exhibits are facially reliable, publicly available, and proper subjects of notice—FINRA's new argument, raised for the first time in its Reply (ECF. 35) and not in its Motion to Dismiss (ECF. 24), should be rejected as untimely and meritless. Plaintiff respectfully asks the Court to (1) consider the exhibits attached to his Opposition, or alternatively, (2) permit Plaintiff to authenticate them by declaration.

Respectfully submitted,

/s/ *William Lee Kelly*

Dated: September 24, 2025

William Lee Kelly, Pro Se

Phone: (702) 427-2763

Email: William.Lee.Kelly@gmail.com