**FAEGRE DRINKER BIDDLE & REATH LLP**
John P. Mitchell (admitted *pro hac vice*)
john.mitchell@faegredrinker.com
105 College Road E
Princeton, NJ 08540
Phone: 609-716-6500

**EPG LAW GROUP**
Elias George, NV Bar No. 12379
elias@epglawgroup.com
5940 South Rainbow Blvd.
Las Vegas, NV 89118
Phone: 702-358-0933

*Attorneys for Defendant FINRA*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM LEE KELLY,<br><br>              Plaintiff,<br><br>  vs.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY (FINRA)<br><br>              Defendant, | CASE NO.: 2:25-cv-01195-APG-DJA<br><br>**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION AND LIMITED RELIEF REGARDING COMPLIANCE WITH LOCAL RULE IA 11-2** |

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") submits this brief in opposition to Plaintiff William Lee Kelly's ("Kelly") Motion for Clarification and Limited Relief Regarding Compliance with Local Rule IA 11-2 (the "Motion"). ECF 41.

### I.    Introduction

Kelly's Motion demonstrates a fundamental misunderstanding of the legal profession, and it makes meritless and unsupported allegations that one of FINRA's attorneys has acted unethically. The Motion is a vexatious and frivolous filing that improperly seeks to obtain privileged information about FINRA's defense in this case. The Motion also advances misrepresentations of the authorities upon which Kelly relies to make the Motion. FINRA requests that the Court deny the Motion and admonish Kelly to avoid future frivolous filings and/or misrepresenting legal authorities.

1

## II.    Background

Kelly initiated this action on July 2, 2025. ECF 1. On July 14, 2025, John P. Mitchell, an attorney with Faegre Drinker Biddle & Reath LLP emailed Kelly explaining that he "represent[s] FINRA, along with Elias George [an attorney with EPG Law Group], . . . who is FINRA's counsel based in Nevada." *See* ECF 41-6 (Mot. Ex. CB).

On August 1, 2025, Mr. George, an attorney admitted to practice before this Court, filed his notice of appearance as counsel of record for FINRA in this action. ECF 19. From that date through October 14, 2025, Mr. George actively advised FINRA and personally reviewed, approved, and filed each submission made on FINRA's behalf in this action. *See* ECF 20, 21, 23, 24, 25, 30, 34, 35, 37. On October 15, 2025, consistent with the Local Rules of Practice for this Court, Mr. Mitchell first appeared in the case when he filed a Verified Petition for Permission to Practice in this Case Only by Attorney Not Admitted to the Bar of this Court and Designation of Local Counsel ("Mitchell Verified Petition"). ECF 38.

The Court approved the Mitchell Verified Petition on October 17, 2025. ECF 39. On the same date, Kelly filed the Motion. ECF 41.

## III.    Argument

The Motion is a frivolous and unsupported attempt to harass FINRA and its counsel, and it improperly seeks to pierce the sacrosanct work product doctrine and attorney-client privilege to obtain, among other things, information about which of FINRA's attorneys "drafted, edited, supervised, or otherwise contributed to the pleadings filed before October 15, 2025." Mot. at 5. The Motion unnecessarily wastes judicial resources and runs afoul of Kelly's obligations under Federal Rule of Civil Procedure 11(b).

While it is difficult to discern from the Motion, it seems that Kelly believes that Mr. Mitchell was engaged in the unauthorized practice of law because Mr. Mitchell's July 14, 2025, email "contained no indication that Mitchell had been admitted pro hac vice at that time." Mot. at 2. Nevada Rule of Professional Conduct 5.5 provides that

> A lawyer who is not admitted in this jurisdiction, but who is admitted and in good standing in another jurisdiction of the United States, *does not engage in the unauthorized practice of law in this jurisdiction when*: . . . [among other

exceptions], (5) The lawyer is engaged in the occasional representation of a client in association with a lawyer who is admitted in this jurisdiction and who has actual responsibility for the representation and actively participates in the representation, provided that the out-of-state lawyer's representation of the client is not part of a regular or repetitive course of practice in this jurisdiction.

Nev. Rules of Prof'l Conduct R. 5.5 (emphasis added). In his July 14, 2025 email, Mr. Mitchell notified Kelly that he and Mr. George, who was identified as "FINRA's counsel based in Nevada," represented FINRA in this case. Mot., Ex. CB. Mr. George entered an appearance on behalf of FINRA, ECF 19, and he actively and competently represented FINRA, which is evidenced by Mr. George's actively litigating on behalf of FINRA. Kelly's unsupported allegation that Mr. Mitchell engaged in the unauthorized practice of law under these circumstances, and his request to refer Mr. Mitchell to the Nevada Bar, not only disrespects Mr. Mitchell's legal training and experience, but it is also a meritless challenge to Mr. Mitchell's ethics and integrity. Notwithstanding Kelly's assertion that he "does not seek to impede Defendant's ability to defend this case," Mot. at 1, the Motion demonstrates a fundamental lack of knowledge about the practice of law and is a vexatious attempt to chill FINRA's ability to effectively defend itself.

Mr. Mitchell's first appearance in this case occurred when he filed the Mitchell Verified Petition. The Ninth Circuit has found that an attorney "appears" in a case when the attorney identifies himself as counsel in the court's appearance form, physically comes into court, signs pleadings, and identifies himself as counsel to opposing counsel. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 823 (9th Cir. 2009) (citing *United States v. Wunsch,* 84 F.3d 1110, 1115 (9th Cir. 1996)). Pursuant to Local Rule IA 11-2, "[a]n attorney who has been retained or appointed to appear in a particular case but is not a member of the bar of this court ***may appear only with the court's permission***." Local Rule IA 11-2(a) (emphasis added). On October 17, 2025, the Court provided that permission when it approved Mr. Mitchell's Verified Petition. ECF 39.

Citing to what may be an Artificial Intelligence ("AI") hallucination, Kelly erroneously contends that the local rules require an attorney to file a petition and to associate with local counsel within 45 days of the attorney's first appearance in civil cases.[1] Mot. at 4. Contrary to Kelly's

---

[1] Like the citation here to language that does not appear in the cited rule, Kelly's other filings in this Court have included citations to cases that do not exist and incorrect quotations or references



assertion, the plain language of Local Rule IA 11-2 requires that an attorney seeking pro hac admission to appear in a particular case need only "comply with all provisions of this rule *within 14 days* of his or her first appearance." *Id*. 11-2(e) (emphasis added). Here, Mr. Mitchell did not sign any of the filings made on behalf of FINRA prior to October 15, 2025, nor was he identified as counsel of record for FINRA on any of the filings. Thus, Mr. Mitchell complied with the requirements of Local Rule IA 11-2.

Kelly also raises concerns regarding "substantial similarities" between "documents authored by Mitchell in other MMTLP-related cases," which he suggests indicates the "possible use of shared templates or assistance from Mitchell prior to the Pro Hac Vice submission." Mot. at 4. In the legal profession, it is common practice for a corporate litigant to make the same or similar arguments in pleadings filed in court. Kelly fails to point to any authority that precludes FINRA from consistently describing its role in the securities industry and asserting common defenses that apply in different cases pending in different jurisdictions. Nor could he.

Finally, Kelly asserts that the State Bar of Nevada Formal Opinion No. 34 (2009) "emphasizes transparency in litigation assistance to avoid misleading the Court." Mot. at 4-5. Kelly, however, misconstrues the applicability of that opinion, which determined that ghost-lawyering is unethical unless the lawyer's identity and the scope of assistance are disclosed to the court. *See* Nevada Formal Advisory Opinion No. 34, *available at* https://nvbar.org/for-lawyers/ethics-discipline/ethics-opinions/. "*Ghost-lawyering occurs* when a member of the bar gives *substantial* legal assistance, by drafting or otherwise, *to a party ostensibly appearing pro se*, with the lawyer's actual or constructive knowledge that the legal assistance will not be disclosed to the court." *Id.* (emphasis added and internal quotation marks omitted). FINRA is *not* a *pro se*

---

to cases and rules. Kelly's *pro se* status does not absolve him of his duty to ensure that his filings do not misrepresent the law. *See Burch v. HCA Healthcare, Inc.*, No. 2:25-cv-01408, 2025 U.S. Dist. LEXIS, *9 (D. Nev. Sept. 26, 2025) ("The Court may sanction [*pro se*] plaintiff if plaintiff cites nonexistent or misleading caselaw in the future, whether or not generated or hallucinated by AI."); *Saxena v. Martinez-Hernandez*, No. 2:22-cv-02126, 2025 U.S. Dist. LEXIS 78049, *6-7 (D. Nev. Apr. 23, 2005) (plaintiff's *pro se* status was "no excuse for submitting non-existent authority to the court in support of a brief"); *Sims v. Souily-Lefave*, No. 2:24-cv-00831, 2025 U.S. Dist. LEXIS, *2 (D. Nev. Apr. 14, 2025) ("It is unclear if [*pro se*] Plaintiff is using an artificial intelligence program to generate citations to case law, but she is cautioned that continued similar misrepresentations, even if not intentional, will not be tolerated by the Court.").

litigant and the opinion has no application to FINRA's filings in this or any other case.

**IV.    Conclusion**

For the reasons discussed herein, the Motion is wholly without merit or support. As a result, the Motion should be denied in its entirety. Further, FINRA respectfully requests that the Court admonish Kelly against: (i) filing any further vexatious and frivolous motions, and (ii) making future filings with the Court that include nonexistent citations or misrepresentations of legal authorities upon which he relies.

Dated: October 31, 2025

**EPG LAW GROUP**

Elias George, NV Bar No. 12379
elias@epglawgroup.com
5940 South Rainbow Blvd.
Las Vegas, NV 89118
Phone: 702-358-0933

**FAEGRE DRINKER BIDDLE & REATH LLP**
John P. Mitchell (admitted *pro hac vice*)
john.mitchell@faegredrinker.com
105 College Road E
Princeton, NJ 08540
Phone: 609-716-6500

*Attorneys for Defendant FINRA*



## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 31, 2025 I served a true and correct copy of the foregoing **DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION AND LIMITED RELIEF REGARDING COMPLIANCE WITH LOCAL RULE IA 11-2** through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by United States Mail at Las Vegas, Nevada, postage fully prepaid) upon the following:

William Lee Kelly
6126 Leaning Rock Ct.
North Las Vegas, NV 89031
William.Lee.Kelly@gmail.com
Phone: (702) 427-2763
*Plaintiff, Pro Se*

_____

Kimberly Rupe, EPG Law Group

