**FAEGRE DRINKER BIDDLE & REATH LLP**
John P. Mitchell (admitted *pro hac vice*)
john.mitchell@faegredrinker.com
105 College Road E
Princeton, NJ 08540
Phone: 609-716-6500

**EPG LAW GROUP**
Elias George, NV Bar No. 12379
elias@epglawgroup.com
5940 South Rainbow Blvd.
Las Vegas, NV 89118
Phone: 702-358-0933

*Attorneys for Defendant FINRA*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM LEE KELLY, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY (FINRA),<br><br>                    Defendant. | CASE NO.: 2:25-cv-01195-APG-DJA<br><br>**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") submits this Notice of Supplemental Authority in support of its Motion to Dismiss Second Amended Complaint [ECF No. 47] and to inform the Court of the recent Report and Recommendation issued by the Hon. Ronald C. Griffin, Magistrate Judge for the United States District Court for the Western District of Texas, in *Willcot v. SEC et al.*, Case No. 24-cv-00318-DC-RCG (W.D. Tex. Dec. 19, 2025). A true and correct copy of the Report and Recommendation is attached as **Exhibit 1** (the "*Willcot* Report and Recommendation"). In ruling on FINRA's motion to dismiss the *Willcot* plaintiff's claims, the court found that "FINRA's decision to halt MMTLP trading and alleged facilitation of misconduct by market makers and brokers [] are incident to FINRA's power to regulate the securities market" and therefore "FINRA enjoys absolute [regulatory] immunity" barring all claims. Ex. 1, at 9-10 (collecting cases).

/ / /

1

DMS_US.375076542.1

The *Willcot* Report and Recommendation also found that the plaintiff did not state any of his claims against FINRA because: (i) the plaintiff was "unable" to provide factual allegations sufficient to meet the heightened pleading standard required to establish a violation of section 10(b) of the Exchange Act or Rule 10b-5, (ii) the plaintiff does not establish a duty of care necessary to state a negligence claim, and (iii) "the Declaratory Relief Act provides no independent cause of action." Ex. 1, at 10-13.

Given the plaintiff's prior efforts to amend to cure the deficiencies of his pleading, coupled with his failure to state the substance of any proposed further amendment, the *Willcot* Report and Recommendation denied further amendment, and recommended dismissal of the action with prejudice.

Here, Plaintiff William Lee Kelly ("Kelly") asserts the same or substantially similar claims against FINRA as the *pro se* plaintiff in *Willcot*, which arise from the same regulatory activity taken by FINRA. Indeed, just as the plaintiff in *Willcot* did, Kelly directly and explicitly challenges FINRA's regulatory decision-making regarding trading of MMTLP on the over-the-counter market throughout the Second Amended Complaint. *See* ECF No. 42, ¶¶ 3-5, Counts I-IV, Supplemental Request for Relief; *see also* ECF No. 47, Motion to Dismiss, at 9-11, 19-22. And FINRA made the same arguments in its motion to dismiss in *Willcot* that it makes here. Thus, the *Willcot* Report and Recommendation is directly relevant to this Court's consideration of FINRA's Motion to Dismiss, and further supports arguments FINRA makes in its Motion to Dismiss that Kelly's claims (like those in *Willcot*) are barred by regulatory immunity and that Kelly cannot state

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /



DMS_US.375076542.1

a claim for violations of the Exchange Act or Rule 10b-5. *See* ECF No. 47, Motion to Dismiss, at 9-11, 19-22.[1]

DATED: December 23, 2025

**EPG LAW GROUP**

*/s/ Elias P. George*

_____
Elias George, NV Bar No. 12379
elias@epglawgroup.com
5940 South Rainbow Blvd.
Las Vegas, NV 89118
Phone: 702-358-0933

**FAEGRE DRINKER BIDDLE & REATH LLP**
John P. Mitchell (admitted *pro hac vice*)
john.mitchell@faegredrinker.com
105 College Road E
Princeton, NJ 08540
Phone: 609-716-6500

*Attorneys for Defendant FINRA*

---

[1] While it did not analyze the issue in the context of 15 U.S.C. § 78aa, the *Willcot* Report and Recommendation found as an alternative basis for dismissal that the court lacked both general and specific jurisdiction over FINRA because FINRA is not "at home" in Texas and the MMTLP trade halt of which the plaintiff complained did not establish "minimum contacts" with Texas. Ex. 1, at 7-8. As this Court has already issued a contrary ruling on jurisdiction, we are not reiterating FINRA's request for dismissal based on lack of personal jurisdiction, though FINRA continues to maintain its position that jurisdiction is lacking.



**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2025, I served a true and correct copy of the foregoing **DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by United States Mail at Las Vegas, Nevada, postage fully prepaid) upon the following:

William Lee Kelly
6126 Leaning Rock Ct.
North Las Vegas, NV 89031
William.Lee.Kelly@gmail.com
Phone: (702) 427-2763
*Plaintiff, Pro Se*

*/s/ Kimberly Rupe*
_____
Kimberly Rupe, EPG Law Group



4

DMS_US.375076542.1