1  WILLIAM LEE KELLY
2  Plaintiff, Pro Se
3  6126 Leaning Rock Ct.
4  North Las Vegas, NV 89031
5  Email: William.Lee.Kelly@gmail.com
6  Phone: 702-427-2763
7

X FILED        RECEIVED
  ENTERED        SERVED ON

12/29/2025

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ JG _____ DEPUTY

8              **UNITED STATES DISTRICT COURT**

9                  **DISTRICT OF NEVADA**

10  William Lee Kelly,

11  Plaintiff,

12  v.

13  Financial Industry Regulatory Authority, Inc. (FINRA),

14  Defendant.

15  Case No. 2:25-cv-01195-APG-DJA

16

17

18      **PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

19

20  Plaintiff William Lee Kelly, proceeding pro se, respectfully submits this response to

21  Defendant FINRA's Notice of Supplemental Authority (ECF 63).

22  FINRA cites a Report and Recommendation issued by a magistrate judge in *Willcot v. SEC*

23  *et al.*, No. 24-cv-00318-DC-RCG (W.D. Tex. Dec. 19, 2025). That authority is neither binding

24  on this Court nor persuasive as applied to the claims and procedural posture in this case.

25  The Willcot case is procedurally distinct and factually distinguishable and, as such, does

26  not support dismissal.

27

1. First, the cited decision is a magistrate judge's report and recommendation, not a final ruling of a district court. It is persuasive only to the extent its reasoning applies to materially similar claims and procedural postures. It carries limited persuasive value in this case and has no precedential effect, particularly outside the Fifth Circuit.  As of this filing, the R&R remains subject to objections and de novo review under Fed. R. Civ. P. 72(b), further diminishing its persuasive value.

2. Second, *Willcot* is procedurally and substantively distinguishable. The recommendation relied in significant part on personal jurisdiction grounds and on pleading deficiencies specific to claims asserted under Rule 10b-5, negligence, and declaratory relief. This Court has already addressed personal jurisdiction in this action, and Plaintiff's surviving claims are grounded primarily in ultra vires conduct and Fifth Amendment due process violations, rather than the PSLRA-governed securities fraud theories or negligence claims emphasized in *Willcot*.

3. Third, the *Willcot* recommendation applied regulatory immunity based on its conclusion that the challenged conduct fell squarely within FINRA's authorized regulatory functions. Plaintiff here alleges the opposite: that FINRA exceeded its delegated authority by unilaterally revising and enforcing a market-ending corporate action without statutory authorization, SEC rulemaking, notice, hearing, or post-deprivation remedy. Whether such conduct falls within or outside FINRA's delegated authority is a fact-intensive inquiry that cannot be resolved by importing conclusions reached on a different record and under a different set of claims.

1    4. Finally, persuasive authority from another district—particularly a non-final

2        recommendation—cannot displace this Court's obligation to evaluate FINRA's

3        Motion to Dismiss based on the allegations pleaded in this case, the governing law

4        of the Ninth Circuit, and the specific constitutional claims presented here. See *Hart*

5        *v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001)

6    For these reasons FINRA's Notice of Supplemental Authority does not provide a basis for

7    dismissal and should not affect the Court's resolution of the pending Motion to Dismiss.

8    Plaintiff requests the Court deny reliance on this authority as inapplicable and deny the

9    Motion to Dismiss based on the record herein.

10    Respectfully Submitted,

11    Dated: December 24, 2025

12    William Lee Kelly
13    Plaintiff, Pro Se
14    6126 Leaning Rock Ct.
15    North Las Vegas, NV 89031
16    Email: William.Lee.Kelly@gmail.com

17    Phone: (702) 427-2763          Signature: /s/ *William Lee Kelly*

18

19

20

21

22

23

3

1                              **CERTIFICATE OF SERVICE**

2      I certify that on December 24, 2025, I served this Response via email to FINRA's counsel at

3      john.mitchell@faegredrinker.com and elias@epglawgroup.com, pursuant to consent given

4      on July 19, 2025.


5      /s/ *William Lee Kelly*


6       Dated: December 24, 2025

7