# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| William Lee Kelly, | Case No. 2:25-cv-01195-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Financial Industry Regulatory Authority, | |
| Defendant. | |

Before the Court is pro se Plaintiff William Lee Kelly's motion "for clarification and limited relief regarding compliance with Local Rule IA 11-2." (ECF No. 41). In it, Plaintiff asserts that FINRA's out-of-state counsel John P. Mitchell violated Local Rule 11-2 (concerning pro hac vice admissions) and Nevada Rule of Professional Conduct 5.5 (concerning the unauthorized practice of law) by participating in the case before his pro hac vice application was granted. Plaintiff claims that Mitchell did this in two ways. First by emailing Plaintiff on FINRA's behalf—copying FINRA's local counsel Elias P. George—and offering to waive service. Second, by "ghostwriting" certain of George's filings, which Plaintiff asserts he can prove because George's filings are similar to filings that Mitchell made in other cases. The Court is not persuaded by Plaintiff's arguments and denies his motion.

First, as FINRA points out, the Nevada Rules of Professional Conduct explicitly state that a lawyer who is not admitted in this jurisdiction, but who is admitted and in good standing in another, does not engage in the unauthorized practice of law when:

> The lawyer is engaged in the occasional representation of a client in association with a lawyer who is admitted in this jurisdiction and who has actual responsibility for the representation and actively participates in the representation, provided that the out-of-state lawyer's representation of the client is not part of a regular or repetitive course of practice in this jurisdiction.

Nev. R. Prof. Conduct 5.5(b)(5).

Mitchell's email to Plaintiff states that he "represents FINRA, along with Elias George, copied here, who is FINRA's counsel based in Nevada." (ECF No. 41-6). The Court therefore does not find that Mitchell's email violated the Nevada Rules of Professional Conduct. Neither did it violate Local Rule IA 11-2, which prohibits an attorney from "appearing" in a case without permission. Mitchell did not "appear" by emailing Plaintiff. *See Winterrowd v. American General Annuity Ins. Co.*, 556 F.3d 815, 823 (9th Cir. 2009) (explaining that a lawyer does not "appear" before a court if they "do not argue cases or sign briefs").

Second, just because certain of George's filings are similar to filings made by Mitchell in other cases does not indicate any wrongdoing by Mitchell. Indeed, even if Mitchell did advise George and review documents, George alone appeared before the Court by signing those documents. *See Winterrowd*, 556 F.3d at 823. Moreover, as FINRA points out, the State Bar of Nevada Standing Committee on Ethics and Professional Responsibility Formal Opinion No. 34 to which Plaintiff refers as indicating that Mitchell wrongfully "ghostwrote" certain filings, specifically applies to attorneys who give substantial assistance to parties appearing pro se. FINRA is not appearing pro se and George has signed the documents filed on FINRA's behalf under Rule 11.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's motion (ECF No. 41) is **denied.**

DATED: February 12, 2026

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] FINRA also points out that Plaintiff cites what appears to be an artificial intelligence hallucination stating that Local Rule IA 11-2(e) requires "a petition and association with local counsel within 45 days of a first appearance in civil cases." However, that rule requires that "[a]n attorney must comply with all provisions of this rule within 14 days of his or her first appearance." It is not clear from this document whether Plaintiff is using an artificial intelligence program to generate citations to rules and caselaw, but he is cautioned that continued similar misrepresentations, even if not intentional, may result in sanctions.