**FAEGRE DRINKER BIDDLE & REATH LLP**
John P. Mitchell (admitted pro hac vice)
john.mitchell@faegredrinker.com
105 College Road E
Princeton, NJ 08540
Phone: 609-716-6500

**EPG LAW GROUP**
Elias George, NV Bar No. 12379
elias@epglawgroup.com
5940 South Rainbow Blvd.
Las Vegas, NV 89118
Phone: 702-358-0933
*Attorneys for Defendant FINRA*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM LEE KELLY, <br><br> Plaintiff, <br><br> vs. <br><br> FINANCIAL INDUSTRY REGULATORY AUTHORITY (FINRA) <br><br> Defendant, | CASE NO.: 2:25-cv-01195-APG-DJA <br><br> **DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S THIRD NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

## I.     Supplemental Authority from the Western District of Texas

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") submits this Third Notice of Supplemental Authority in support of its Motion to Dismiss Second Amended Complaint [ECF No. 47] and to inform the Court of the recent wholesale adoptions by the District Judge for the United States District Court for the Western District of Texas of the Reports and Recommendations issued by the Magistrate Judge in:

1) *Spears v. Next Bridge Hydrocarbons, Inc., et al.*, Case No. 24-cv-00321-DC-RCG (W.D. Tex. Jan. 28, 2026);

2) *Pease v. SEC, et al.*, Case No. 24-cv-00322-DC-RCG (W.D. Tex. Jan. 30, 2026); and

3) *Willcot v. SEC et al.*, Case No. 24-cv-00318-DC-RCG (W.D. Tex. Dec. 19, 2025).

The Reports and Recommendations in each of these matters were previously submitted to this Court and are on file herein as ECF Nos. 63 (*Willcot*) and 65 (*Spears* and *Pease*) (collectively, the "R&R's").



1

True and correct copies of the United States District Court for the Western District of Texas's adoptions of each of these three R&Rs, as well as its final judgments in *Pease* and *Willcot*, are attached hereto as follows:

- **Exhibit A** – District Court's adoption of the *Pease* R&R (Feb. 25, 2026)
- **Exhibit B** – District Court's adoption of the *Spears* R&R (Mar. 6, 2026)
- **Exhibit C** – District Court's adoption of the *Willcot* R&R (Mar. 16, 2026)
- **Exhibit D** – District Court's Final Judgment in *Pease* (Feb. 25, 2026)
- **Exhibit E** – District Court's Final Judgment in *Willcot* (Mar. 16, 2026)

In adopting the R&R's in *Spears* and *Willcot*, the District Court found that "FINRA has absolute regulatory immunity . . ." and, in *Willcot*, that "the alleged conduct [] is unquestionably within the regulatory responsibilities of FINRA." *See Spears* ECF 118 p. 5; *Willcot* ECF 177 p. 8.

In adopting the R&R in *Pease*, the District Court further found "FINRA [] is a private actor and that SEC regulation and oversight . . . do not transform FINRA's conduct into governmental action for constitutional purposes." *See Pease* ECF 113 p. 2. Given the futility of any amendment, all three actions were dismissed with prejudice. *Spears* ECF 118; *Pease* ECF 113, 114; *Willcot* ECF 177, 178.

Here, Plaintiff William Lee Kelly ("Kelly") asserts the same or substantially similar claims against FINRA as the plaintiffs did in *Spears*, *Pease*, and *Willcot* as all these plaintiffs' claims arose from the same regulatory activity taken by FINRA. Indeed, just like the plaintiffs in *Spears*, *Pease*, and *Willcot*, Kelly directly and explicitly challenges FINRA's regulatory decision-making regarding trading of MMTLP on the over-the-counter market throughout the Second Amended Complaint. *See* ECF No. 42, ¶¶ 3-5, Counts I-IV, Supplemental Request for Relief; *see also* ECF No. 47, Mot. to Dismiss, pp. 9-11, 19-22. Thus, the District Court's adoption of the *Spears*, *Pease*, and *Willcot* R&R's are directly relevant to this Court's consideration of FINRA's Motion to Dismiss here and further support the arguments FINRA makes in its Motion to Dismiss that Kelly's claims (like those in *Spears*, *Pease*, and *Willcot*) are barred by regulatory immunity and that Kelly cannot state a constitutional claim against FINRA for violation of his due process rights. See ECF No. 47, Mot. to Dismiss, pp. 14-16.

## II.   Supplemental Authority From the District of Connecticut

By this Notice, FINRA also seeks to inform the Court of the recent Order of dismissal issued by the United States District Court for the District of Connecticut, in *Rolo v. SEC et al.*, Case No. 24-cv-2053-VDO (D. Conn. March 9, 2026). A true and correct copy of the Order is attached as **Exhibit F**.

In the Order, the District Court found that "[a]ll of Plaintiff's claims against FINRA arise from its regulatory activities and, consequently . . . are barred by regulatory immunity." *Id.*, p. 8. The Order dismissed the plaintiff's Amended Complaint, and, while the Court granted leave to amend, the Order expressly states that it is in consideration of the plaintiff's *pro se* status, the plaintiff is not to incorporate his prior pleading by reference, and no further leave will be granted absent good cause. *Id.*, p. 12. The plaintiff in *Rolo* had asserted the same or substantially similar claims against FINRA that Kelly asserts here—namely, a challenge to FINRA's regulatory decision-making regarding trading of MMTLP on the over-the-counter market. *See* ECF No. 42, ¶¶ 3-5, Counts I-IV, Supplemental Request for Relief; *see also* ECF No. 47, Mot. to Dismiss. Thus, the District Court's Order dismissing the Amended Complaint in *Rolo* is directly relevant to this Court's consideration of FINRA's Motion to Dismiss here and further support the arguments FINRA makes in its Motion to Dismiss that Kelly's claims (like those in *Rolo*) are barred by regulatory immunity.

Dated this 5th day of March 2026.

**EPG LAW GROUP**

Elias George, NV Bar No. 12379
elias@epglawgroup.com
5940 South Rainbow Blvd.
Las Vegas, NV 89118
Phone: 702-358-0933

**FAEGRE DRINKER BIDDLE & REATH LLP**
John P. Mitchell (admitted pro hac vice)
john.mitchell@faegredrinker.com
105 College Road E
Princeton, NJ 08540
*Attorneys for Defendant FINRA*



## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2026, I served a true and correct copy of the foregoing **DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S THIRD NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by United States Mail at Las Vegas, Nevada, postage fully prepaid) upon the following:

William Lee Kelly
6126 Leaning Rock Ct.
North Las Vegas, NV 89031
William.Lee.Kelly@gmail.com
Phone: (702) 427-2763
*Plaintiff, Pro Se*

_____
Lisa Stewart, an employee at EPG Law
Group



4