William Lee Kelly
Plaintiff, Pro Se
PO BOX 335446
North Las Vegas, NV 89033
Email: William.Lee.Kelly@gmail.com
Phone: 702-427-2763

**UNITED STATES DISTRICT COURT**

DISTRICT OF NEVADA

WILLIAM LEE KELLY,

Plaintiff,

v.

FINANCIAL INDUSTRY REGULATORY

AUTHORITY, INC.,

Defendant.

Case No. 2:25-cv-01195-APG-DJA

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff William Lee Kelly respectfully submits this Notice of Supplemental Authority to bring to the Court's attention a recent decision of the United States Supreme Court relevant to Defendant's pending Motion to Dismiss the Second Amended Complaint.

On March 4, 2026, the Supreme Court issued a unanimous opinion in *Galette v. New Jersey Transit Corp.*, 607 U.S. ___ (2026). The Court held that a separately incorporated entity created by state statute — even one designated an "instrumentality" of the state exercising public functions — is not an "arm of the state" entitled to sovereign immunity. The dispositive factor was that the state had "structured [the entity] as a legally separate entity" with independent corporate form.

*Galette* is relevant to this action in two respects. First, the Court's reasoning reinforces the principle that legal separateness is the controlling structural factor in determining immunity status. FINRA is a private Delaware non-profit corporation — separately incorporated, independently governed, and statutorily distinct from the federal government. Defendant asserts private corporate

1

status when resisting constitutional obligations, yet simultaneously invokes governmental immunity when facing liability for its conduct. *Galette* confirms that legal separateness cannot be selectively invoked: entities structured as independent corporations must accept the corresponding obligation to answer for their conduct in court.

Second, *Galette* reinforces the controlling framework established in *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209 (9th Cir. 1998), which limits SRO immunity to conduct falling within functions actually delegated by Congress. Plaintiff alleges that FINRA engaged in conduct exceeding its delegated authority — specifically, unilaterally modifying issuer-submitted corporate action data and converting a temporary trading halt into a permanent market deletion without statutory authorization. Such conduct, if proven, falls outside the scope of any immunity recognized under *Sparta*.

Plaintiff does not contend that *Galette* directly controls the SRO immunity question presented here. Plaintiff submits it as recent, unanimous Supreme Court authority reinforcing the structural principle that separately incorporated entities are not entitled to inherit governmental immunities. To the extent Defendant asserts immunity as an absolute bar to this action, *Galette* supports denial of that position and denial of the Motion to Dismiss.

Respectfully submitted,

Dated: March 25, 2026

/s/ *William Lee Kelly*

William Lee Kelly
Pro Se Plaintiff
PO BOX 335446
North Las Vegas, NV 89033
Email: William.Lee.Kelly@gmail.com

2

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2026, I emailed a true and correct copy of the foregoing Plaintiff's Response to Defendant's Second Notice of Supplemental Authority to the Clerk of the Court for filing into the CM/ECF system, pursuant to the District's procedures for pro se litigants. I also served a courtesy copy via email to counsel for Defendant FINRA at john.mitchell@faegredrinker.com and elias@epglawgroup.com.

/s/ *William Lee Kelly*

Plaintiff, Pro Se

Dated: March 25, 2026

3