**FAEGRE DRINKER BIDDLE & REATH LLP**
John P. Mitchell (admitted pro hac vice)
john.mitchell@faegredrinker.com
105 College Road E
Princeton, NJ 08540
Phone: 609-716-6500

**EPG LAW GROUP**
Elias George, NV Bar No. 12379
elias@epglawgroup.com
5940 South Rainbow Blvd.
Las Vegas, NV 89118
Phone: 702-358-0933
*Attorneys for Defendant FINRA*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM LEE KELLY,<br><br>                    Plaintiff,<br><br>    vs.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY (FINRA)<br><br>                    Defendant, | CASE NO.: 2:25-cv-01195-APG-DJA<br><br>**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S OBJECTION TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") submits this response to Plaintiff William Lee Kelly's ("Kelly") Notice of Supplemental Authority (ECF No. 71) (the "Notice") in which Kelly provides the Court with notice of the recent decision in *Galette v. N.J. Transit Corp.*, Nos. 24-1021 and 24-1113, 607 U.S. _____, 2026 U.S. App. LEXIS 1195 (U.S. March 4, 2026) (the "*Galette* Decision"). FINRA objects to the Notice on the grounds that the *Galette* Decision is completely inapplicable to this case.

Kelly relies on the *Galette* Decision to advance two arguments. First, with regard to the application of immunity to FINRA's challenged conduct in this action, Kelly claims that "entities structured as independent corporations [like FINRA] must accept the corresponding obligation to answer for their conduct in court…." Notice, at 1-2.  However, the *Galette* Decision is not material to FINRA's defense of absolute *regulatory* immunity. The *Galette* Decision concerns only the application of *sovereign* immunity – a defense not even raised by FINRA's Motion to Dismiss (ECF No. 47).

1

Second, Kelly claims that "SRO immunity [is limited] to conduct falling within functions actually delegated by Congress" and contends in his Second Amended Complaint that FINRA acted outside that capacity in suspending trading and publishing a related corporate action. Notice, at 1-2. Of course, this Court already (and appropriately) found ***"[t]here are 'no exceptions' to regulatory immunity*** as long as FINRA acts pursuant to the Exchange Act." ECF No. 40 (Order dismissing Kelly's Complaint with leave to amend) (emphasis added), at 11-12; *see also* FINRA Rule 6440 (authorizing FINRA's imposition of a trade halt); *Standard Inv. Chartered, Inc. v. NASD*, 637 F.3d 112, 116 (2d Cir. 2011) (FINRA's enforcement and regulatory decisions constitute regulatory functions for which FINRA is immune from suit); *DL Cap. Grp., LLC v. NASDAQ Stock Mkt., Inc.,* 409 F.3d 93, 98 (2d Cir. 2005) (absolute immunity precludes claims related to an SRO's announcement regarding the suspension or cancellation of trades); *Hofman v. Fidelity Brokerage Servs., LLC*, No. 2:23-cv-00881, 2023 U.S. Dist. LEXIS 81166, at *14 (C.D. Cal. May 8, 2023) ("Facilitating trading of Meta Materials securities and publishing corporate action notices are functions within the ambit of FINRA's regulation and oversight of the over-the-counter market."). Simply put, applicable authorities and this Court all hold that Kelly's challenges to FINRA's conduct encompass activities that are regulatory in nature and therefore protected by regulatory immunity. The *Galette* Decision, concerning only the application of *sovereign* immunity, has no bearing on the Court's analysis of FINRA's Motion to Dismiss the Second Amended Complaint or the Court's prior finding in dismissing Kelly's original Complaint.[1]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The doctrine of law-of-the-case also prevents this Court from reaching a different conclusion on the issue. *Arizona v. California*, 460 U.S. 605, 618 (1983) ("[W]hen a court decides" an issue, "that decision should continue to govern the same issues in subsequent stages of the same case.").

Under the circumstances, FINRA respectfully requests that the Court disregard and strike the Notice.

Dated this 28th day of March 2026.

**EPG LAW GROUP**

Elias George, NV Bar No. 12379
elias@epglawgroup.com
5940 South Rainbow Blvd.
Las Vegas, NV 89118
Phone: 702-358-0933

**FAEGRE DRINKER BIDDLE & REATH LLP**
John P. Mitchell (admitted pro hac vice)
john.mitchell@faegredrinker.com
105 College Road E
Princeton, NJ 08540
*Attorneys for Defendant FINRA*

3

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2026, I served a true and correct copy of the foregoing **DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S OBJECTION TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by United States Mail at Las Vegas, Nevada, postage fully prepaid) upon the following:

William Lee Kelly
6126 Leaning Rock Ct.
North Las Vegas, NV 89031
William.Lee.Kelly@gmail.com
Phone: (702) 427-2763
*Plaintiff, Pro Se*

_____
Lisa Stewart, an employee at EPG Law Group



4