William Lee Kelly
Plaintiff, Pro Se
PO BOX 335446
North Las Vegas, NV 89033
Email: William.Lee.Kelly@gmail.com
Phone: 702-427-2763

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

WILLIAM LEE KELLY,
    Plaintiff,
vs.
FINANCIAL INDUSTRY REGULATORY
AUTHORITY (FINRA),
    Defendant.

Case No. 2:25-cv-01195-APG-DJA

**PLAINTIFF'S RESPONSE TO FINRA'S OBJECTION TO**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff William Lee Kelly respectfully submits this response to correct a fundamental

mischaracterization in FINRA's Objection (ECF No. 73). FINRA invokes the law-of-the-case

doctrine to suggest that this Court has already resolved the immunity question. It has not.

That mischaracterization — not merely the merits of Galette — is what compels this

response.

**I.  THE LAW-OF-THE-CASE DOCTRINE DOES NOT APPLY — THE COURT HAS NOT**
**RULED ON IMMUNITY**

FINRA quotes the Court's prior order (ECF No. 40) for the proposition that there are

'no exceptions' to regulatory immunity, and invokes law-of-the-case as if immunity were a

settled issue in this litigation. That framing is incorrect.

1

The Court's October 16, 2025 order (ECF 40) dismissed Plaintiff's First Amended Complaint on two grounds: (1) no private right of action exists for violation of FINRA's internal rules; and (2) the Court declined to exercise pendant personal jurisdiction over the Fifth Amendment claims once the Exchange Act claim was dismissed. **Immunity was never the basis for dismissal.** The language FINRA now relies upon appeared in the leave-to-amend section of ECF No. 40 — advisory guidance cautioning Plaintiff about potential obstacles — not in a holding resolving the immunity question on the merits.

The law-of-the-case doctrine applies only to issues actually decided. *See Arizona v. California,* 460 U.S. 605, 618 (1983). A court's cautionary dicta in granting leave to amend does not constitute a decision that forecloses subsequent analysis. Because the Court has never held that FINRA's specific challenged conduct falls within its delegated authority and is therefore immune, there is no prior ruling for the doctrine to preserve.

FINRA's invocation of "law-of-the-case" does not accurately reflect the procedural posture of this case, but is an attempt to use the appearance of a settled ruling to avoid the threshold inquiry this Court has yet to conduct.

**II.  THE THRESHOLD QUESTION — ACTUAL DELEGATION — REMAINS OPEN**

Immunity attaches only when an SRO performs functions 'under the aegis of the Exchange Act's delegated authority.' *P'ship Exch. Sec. Co. v. Nat'l Ass'n of Sec. Dealers, Inc.,* 169 F.3d 606, 608 (9th Cir. 1999). That is not a presumption — it is a predicate requiring judicial inquiry.

2

The Second Amended Complaint does not challenge FINRA's general authority to regulate markets or impose trading halts. It presents a targeted challenge to two specific acts: (1) the unilateral revision of operative corporate-action language, and (2) the halt-through-deletion sequence that eliminated the final trading window for MMTLP shareholders. The Court has never examined whether those specific acts were actually authorized under any SEC-approved rule or reasonably implied authority under the Exchange Act.

That question is open. It is the central question in this case. And it must be answered before immunity can attach.

## III.  GALETTE SUPPORTS THE REQUIRED INQUIRY — IT IS NOT OFFERED AS CONTROLLING AUTHORITY

Plaintiff does not cite *Galette v. N.J. Transit Corp., Nos*. 24-1021 and 24-1113, 607 U.S. ____, 2026, as controlling precedent on SRO immunity doctrine. The Notice itself makes that clear.

Galette is cited for the narrower, uncontroversial principle that courts must examine the actual legal structure and scope of delegated authority before extending immunity to an incorporated entity — rather than granting immunity by assumption based on the entity's own characterization of its conduct. That principle is directly applicable here regardless of whether the immunity doctrine at issue is sovereign or regulatory in nature.

FINRA's objection does not actually dispute this principle. It argues only that Galette addresses a different immunity doctrine. But the analytical obligation Galette reinforces — examine the entity's actual authority before granting immunity — applies with equal force in

the regulatory-immunity context. That is precisely what no court has yet done with respect to the specific acts challenged in the Second Amended Complaint.

**IV. FINRA'S CITED AUTHORITIES DO NOT RESOLVE THE DELEGATION QUESTION**

The cases FINRA relies upon — *Standard Inv. Chartered, Inc. v. NASD*, 637 F.3d 112 (2d Cir. 2011); *DL Cap. Grp., LLC v. NASDAQ Stock Mkt., Inc.,* 409 F.3d 93 (2d Cir. 2005); *Hofman v. Fidelity Brokerage Servs., LLC*, 2023 U.S. Dist. LEXIS 81166 (C.D. Cal. May 8, 2023) — each involved conduct assumed to fall within the scope of regulatory authority. None examines whether a specific, event-driven sequence of acts was actually delegated under the rule-based framework of Section 17A and 19 of the Exchange Act and Rule 19b-4.

Those cases do not foreclose the inquiry Plaintiff asks this Court to perform. None of those cases examined whether the specific conduct was actually authorized — they assumed it was. That assumption is exactly what Plaintiff asks this Court to examine.

**CONCLUSION**

FINRA's invocation of law-of-the-case misrepresents the posture of this litigation. This Court has not ruled on immunity. The immunity question depends on a threshold delegation inquiry that remains unresolved. Plaintiff's Notice of Supplemental Authority is a proper and routine filing supporting that unresolved question. FINRA's request to strike or disregard the Notice should be overruled.

Dated this 30th day of March, 2026.

Respectfully submitted,

/s/ *William Lee Kelly*

4

William Lee Kelly
*Plaintiff, Pro Se*
PO BOX 335446
North Las Vegas, NV 89033
William.Lee.Kelly@gmail.com
Phone: (702) 427-2763

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2026, I emailed a true and correct copy of the foregoing Plaintiff's Response to FINRA's Objection to Notice of Supplemental Authority to the Clerk of the Court for filing into the CM/ECF system, pursuant to the District's procedures for pro se litigants. I also served a courtesy copy via email to counsel for Defendant FINRA at john.mitchell@faegredrinker.com and elias@epglawgroup.com.

/s/ *William Lee Kelly*

Plaintiff, Pro Se

Dated: March 30, 2026

*Plaintiff, Pro Se*